UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTHONY ROSS BLACK,

Petitioner,

v.

RENEE BAKER, *et al.*,

Respondents.

Case No. 3:19-cv-00313-MMD-WGC

ORDER

This *pro se* petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2254 comes before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and on Petitioner's application for leave to proceed *in forma pauperis*. (ECF Nos. 1, 1-1.) Petitioner has also filed a motion for Rule 60(b) relief and a motion for appointment of counsel. (ECF Nos. 1-3, 1-4.) Following review, the Court finds the petition is second or successive and therefore must be dismissed for lack of jurisdiction. As the Court lacks jurisdiction over the petition, all other pending motions will accordingly be denied.

In this case, Petitioner challenges a 2008 judgment of conviction entered in Eighth Judicial District Court Case No. 145210, pursuant to which he is still in custody.[1] Petitioner acknowledges that he previously challenged this same judgment of conviction in federal court in Case No. 3:05-cv-316-HDM-VPC. (ECF No. 1-1 at 2.) The court in Case No. 3:05-cv-316-HDM-VPC entered an order and judgment denying the petition on the merits on June 23, 2008. Petitioner appealed, and both the district court and the Ninth Circuit declined to issue a certificate of appealability.

---

[1] According to state court records, of which this Court takes judicial notice, no intervening judgment of conviction has been entered in Petitioner's criminal case. The docket in Petitioner's underlying state court action may be accessed via https://www.clarkcountycourts.us/portal.

As the prior federal petition was decided on its merits, Petitioner attacks the same judgment of conviction, and the claims Petitioner raises here are based on facts that had occurred by the time of the prior petition, this petition is second or successive. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841, 202 L. Ed. 2d 610 (2019) ("It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition. . . .").

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *See Brown*, 889 F.3d at 667. Petitioner does not indicate that he has received authorization from the Court of Appeals to file this second or successive petition, nor do the records of the Court of Appeals reflect that he has sought to obtain any such authorization. This second or successive petition must therefore be dismissed for lack of jurisdiction.[2]

As the Court lacks jurisdiction over the petition, all of Petitioner's other motions are hereby denied.

It is therefore ordered that the Clerk of Court will file the petition (ECF No. 1-1).

It is further ordered that this action is dismissed without prejudice for lack of jurisdiction.

---

[2]Petitioner's argument as to why the petition should not be considered second or successive is unavailing. Petitioner does not argue that he is being held pursuant to a new judgment of conviction or that his claims arose only after the prior petition was filed. Rather, he asserts only that he could not raise his new claims in his first petition because they were unexhausted at the time, the state courts having failed to rule on or allow him to present the claims. (ECF No. 1-2 at 9-11.) That Petitioner's instant claims may have been unexhausted at the time he filed his prior federal petition does not support a finding that the instant petition is not "second or successive." Petitioner could have asserted his claims in his prior federal petition and argued at that time the alleged ineffectiveness of the state court corrective process to excuse the exhaustion requirement.

It is further ordered that all other pending motions (ECF Nos. 1, 1-3, 1-4) are denied.

It is further ordered that Petitioner is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.

It is further ordered that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk will make informal electronic service upon Respondents by adding Nevada Attorney General Aaron D. Ford as counsel for Respondents and directing a notice of electronic filing of this order to his office. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of Court is directed to send Petitioner a copy of all his papers in this action.

The Clerk of Court is further directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED THIS 20th day of June 2019.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE